# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 19-0749**  (Morgan County 19-F-2)

**David B.,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David B.,[1] by counsel Matthew Brummond, appeals his convictions of six counts of second-degree sexual assault and one count of attempted second-degree sexual assault in the Circuit Court of Morgan County on the ground that the circuit court committed plain error in its instructions to the jury. The State of West Virginia, by counsel Andrea Nease Proper, filed a response in support of the convictions. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 3, 2018, petitioner was indicted on sixteen counts of sexual misconduct, including five counts of second-degree sexual assault, five counts of sexual abuse by a parent or custodian, five counts of incest, and one count of attempted second-degree sexual assault. On January 8, 2019, he was indicted on an additional count each of second-degree sexual assault, sexual abuse by a parent or custodian, and incest. The victim was petitioner's fourteen-year-old daughter who had come to live with him after suffering both sexual and physical abuse while living in her mother's home. The victim disclosed petitioner's abuse to a friend and later to a school counselor and a Child Protective Services worker.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

At trial, the victim testified that, on or around her fourteenth birthday (and not long after she moved in with petitioner), petitioner began touching her inappropriately. She recounted several occasions when he would come to her bedroom and force her to perform oral sex on him by placing his hand on her head and preventing her from pulling away as he placed his penis in her mouth. Petitioner testified that "he just wouldn't leave me alone and I was scared[,]" once telling her "to just stop [crying] and to just take it." The victim also testified that petitioner's behavior escalated when, on other occasions, he forced her to disrobe and attempted to vaginally rape her. When she cried in pain, petitioner then anally raped her. According to the victim, petitioner once told her that

> if he has to do things for me that I [sic] don't like [such as cooking dinner,] that I can do things for him that I don't like. At that time he told me that that was going to be my punishment from now on that if I didn't do something that I was going to have to perform sexual acts with him."

A forensic medical examination of the victim revealed that she had sustained tearing of the anal tissue. Further, testing of swabs taken from the victim's anal cavity revealed the presence of spermatozoa that contained a mixture of DNA from the victim and petitioner with a probability of one in 9.73 octillion.

Petitioner testified on his own behalf and denied the allegations against him.

Relevant to this appeal, the following instructions were given, without objection, to the jury:

> Sexual [A]ssault in the [S]econd [D]egree is committed when any person engages in sexual intercourse or sexual intrusion with another person without the consent of the other person and the lack of consent results from forcible compulsion.[2]

> . . . .

> Lack of consent results from forcible compulsion or incapacity to consent and a person is deemed incapable to consent when such person is [1] less than sixteen years old; or [2] mentally defective, or [3] mentally incapacitated, or [4] physically helpless.[3]

---

[2] *See* W. Va. Code § 61-8B-4(a)(1).

[3] West Virginia Code § 61-8B-2 provides, in relevant part, as follows:

(a) Whether or not specifically stated, it is an element of every offense defined in this article that the sexual act was committed without the consent of the victim.
(b) Lack of consent results from:
(1) Forcible compulsion; [or]
(2) Incapacity to consent[.]

Forcible compulsion means [a] physical force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or [b] threat or intimidation, express or implied, placing a person in fear of immediate death or bodily injury to herself or another person or in fear that she or another person will be kidnapped; or [c] fear by a child under [sixteen] years of age caused by intimidation, expressed or implied by another person four years older than the victim.[4]

The purpose -- for purposes of this definition, resistance includes physical resistance or any clear communication of the victim's lack of consent.

(Footnotes added).

Petitioner was convicted of all nineteen counts set forth in the indictments. A sentencing hearing was conducted on July 30, 2019. Petitioner was sentenced to concurrent sentences of ten to twenty-five years in prison on each count of second-degree sexual assault; consecutive sentences of ten to twenty years on each count of sexual abuse by a parent; consecutive sentences of five to fifteen years on each count of incest; and one to three years on the count of attempted second-degree sexual assault, to be served consecutive to the other sentences. Petitioner was also ordered to register as a sex offender. This appeal followed.

West Virginia Code 61-8B-4 provides that "(a) A person is guilty of sexual assault in the second degree when: (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and *the lack of consent results from forcible compulsion*[.]" (Emphasis added). On appeal, petitioner argues that, by instructing the jury that "[l]ack of consent results from: (1) [f]orcible [c]ompulsion, *or (2) [i]ncapacity to consent; . . . person is deemed incapable of consent when such person is: [1] [l]ess than sixteen years*[,]" *see* W. Va. Code § 61-8B-2, in part, the circuit court misled the jury into believing that it could convict petitioner of second-degree sexual assault based upon the victim's age rather than a finding of forcible compulsion.[5]

---

. . . .
(c) A person is deemed incapable of consent when such person is:
(1) Less than sixteen years old;
(2) Mentally defective;
(3) Mentally incapacitated; [or]
(4) Physically helpless[.]

[4] *See* W. Va. Code § 61-8B-1(1)(a) through (c).

[5] We note that petitioner challenges only the instruction that advised the jury that "lack of consent" results from "forcible compulsion" or "[being] less than sixteen years old[.]" He does not specifically challenge the instruction that defined "forcible compulsion." *See* W. Va. Code § 61-8B-1(a) through (c).

A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not mislead by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, as long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

Syl. Pt. 4, *State v. Guthrie,* 194 W. Va. 657, 461 S.E.2d 163 (1995).

We have cautioned that "[t]he general rule is that a party may not assign as error the giving of an instruction unless he objects, stating distinctly the matters to which he objects and the grounds of his objection." Syl. Pt. 3, *State v. Gangwer*, 169 W. Va. 177, 286 S.E.2d 389 (1982). *See* W. Va. R. Crim. P. 30. It is undisputed that petitioner failed to object to the jury instructions that he now challenges on appeal. Thus, we review the challenged instruction for plain error: "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

"An unpreserved error is deemed plain and affects substantial rights only if the reviewing court finds the lower court skewed the fundamental fairness or basic integrity of the proceedings in some major respect. In clear terms, the plain error rule should be exercised only to avoid a miscarriage of justice. The discretionary authority of this Court invoked by lesser errors should be exercised sparingly and should be reserved for the correction of those few errors that seriously affect the fairness, integrity, or public reputation of the judicial proceedings." Syllabus Point 7, *State v. LaRock,* 196 W.Va. 294, 470 S.E.2d 613 (1996).

Syl. Pt. 8, *State v. Slater*, 222 W. Va. 499, 665 S.E.2d 674 (2008). Petitioner urges this Court to recognize plain error in the giving of the challenged instruction because the age of the victim was not relevant to the crimes charged. Petitioner argues that, by instructing the jury that lack of consent could be proved by *either* forcible compulsion *or* the fact that the victim was under the age of sixteen, the circuit court permitted the jury to convict petitioner based upon a theory that was legally incorrect.[6] We find no error.

Petitioner's speculative argument that the jury could have convicted petitioner based upon the victim's age rather than proof of forcible compulsion is unavailing as it utterly ignores the evidence presented at trial. The victim testified that petitioner forced her to perform oral sex on him, holding her head so as to prevent her from pulling away as he placed his penis in her mouth. According to the victim, petitioner told her "to just stop [crying] and to just take it." The victim

---

[6] Petitioner does not dispute that the challenged jury instruction consists of a correct statement of law, as it substantially follows the language of West Virginia Code § 61-8B-2.

further testified that, on several occasions, he forced her to disrobe, attempted to vaginally rape her, and then anally raped her. Notably absent from petitioner's argument on appeal is any suggestion that the evidence of forcible compulsion was insufficient to convict.

Thus, even if this Court were to find that the circuit court erred in instructing that lack of consent could be proved by either forcible compulsion or the fact that the victim was under the age of sixteen, we are mindful that our discretionary authority invoked by such an error "should be exercised sparingly and should be reserved for the correction of those few errors that 'seriously affect the fairness, integrity, or public reputation of the judicial proceedings.'" *LaRock*, 196 W. Va. at 317, 470 S.E.2d at 636 (citation omitted). Because we do not find that the fairness, integrity, or public reputation of petitioner's trial was seriously affected by the court's instructional error (if it was error), the plain error doctrine does not apply.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison